UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LISA BEATTIE,

        Plaintiff,

   v.                                         Case No. 20-C-290

KOHLER CO.,

        Defendant.

## DECISION AND ORDER

      Plaintiff Lisa Beattie brought this action in state court, alleging that her former employer, Defendant Kohler Co., wrongfully withheld certain funds owed to her under the parties' Separation Agreement and General Release. Defendant removed the case to federal court and now moves to dismiss on the grounds that Plaintiff's state law claims of violations for Wis. Stat. §§ 103.455 and 895.446 and breach of contract are preempted by the Employee Retirement and Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq*. Plaintiff filed a motion to remand the action to state court, challenging Defendant's preemption claim and asserting that this court does not have jurisdiction over her state law claims. For the following reasons, Defendant's motion to dismiss will be granted, Plaintiff's motion for remand will be denied, and the case will be dismissed.

## BACKGROUND

      The following facts are taken from Plaintiff's complaint, the Pay Protection Plan, and the Separation Agreement and General Release referred to in the complaint and provided to the court as attachments in support of Defendant's motion to dismiss. *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (noting that documents attached to a motion to dismiss may be considered

when they are referred to in plaintiff's complaint and are central to plaintiff's claim). Plaintiff worked at Defendant as a Senior Material Planner/Scheduler. Plaintiff's employment at Defendant ended on September 30, 2019, due to Defendant's decision to conduct a workforce reduction and early retirements. On September 18, 2019, Plaintiff and Defendant executed a Separation Agreement and General Release. Under the agreement, Defendant agreed to provide Plaintiff with a severance amount of $44,897.00. Plaintiff was to receive $2,494.28 on each regular payroll date commencing after her separation date.

Plaintiff received a Pay Protection Coverage package that described her disability benefits. The Pay Protection Plan states that it is subject to "the Employee Retirement Income Security Act of 1974 (ERISA)." Dkt. No. 5-1 at 10. The Pay Protection Plan indicated that Plaintiff's disability benefits would not be affected by her receipt of pension plan benefits and unemployment. Plaintiff was advised that her disability benefits would run "concurrently" with her severance package. Based on this understanding, Plaintiff underwent ankle surgery on September 19, 2019.

On December 6, 2019, Defendant informed Plaintiff that she had received disability benefits as if she were an active employee from October 1, 2019 through November 10, 2019, and, as a result, received disability overpayments in the amount of $4,720,86. Although Defendant asked Plaintiff what her preference was in allowing the company to recoup the overpayment, Defendant subsequently reduced the amount of three severance checks by $1,573.62. Plaintiff's claims for violations of Wis. Stat. §§ 103.455 and 895.446 as well as breach of the Severance Agreement and General Release are premised on the notion that there was no overpayment of disability benefits and, even if there was, Defendant did not have the right to recoup those amounts as it did.

## ANALYSIS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint to state a claim upon which relief can be granted. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When reviewing a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded factual allegations as true and draw all inferences in the light most favorable to the non-moving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368–69 (7th Cir. 1997); *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991).

A defendant in a state court may remove a civil action to the federal district court embracing the place where the action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). If original jurisdiction is lacking, the case must be remanded to state court. 28 U.S.C. § 1447(c). The proponent of federal jurisdiction, Defendant in this case, bears the burden of establishing federal jurisdiction. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). Ordinarily, a defendant may only remove a case to federal court if the plaintiff's complaint establishes that her claims arise under federal law. *See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9–10 (1983). An exception to this rule exists where a federal statute completely preempts state law claims, allowing those cases to be removed to federal court. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003).

Defendant removed this case to federal court, asserting that Plaintiff's state law claims are completely preempted by ERISA § 502(a). ERISA contains a preemption clause stating that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Congress enacted ERISA to "provide a uniform regulatory regime over employee benefit plans." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). ERISA's "expansive pre-emption provisions . . . are intended to ensure that employee

3

benefit plan regulation would be exclusively a federal concern." *Id.* (citations and internal quotation marks omitted); *see also Hartland Lakeside Joint No. 3 Sch. Dist. v. WEA Ins. Corp.*, 756 F.3d 1032, 1035 (7th Cir. 2014) ("ERISA . . . may contain the broadest preemption clause of any federal statute and completely occupies the field of employees' health and welfare benefits . . . ."); *In re Sears Retiree Group Life Ins. Litig.*, 90 F. Supp. 2d 940, 951 (N.D. Ill. 2000) ("Even if Sears intended to adopt Illinois law for purposes of interpreting the Plan documents, which is not at all certain, ERISA preemption would negate such an attempt. A choice of law provision does not operate to waive the applicability of federal law regarding interpretation of an ERISA plan.").

Section 502(a) allows a participant or a beneficiary to bring an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the plan." 29 U.S.C. § 1132(a)(1)(B). The Supreme Court set forth a two-part test for determining whether § 502 completely preempts a given state law claim: "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely preempted by ERISA § 502(a)(1)(B)." *Davila*, 542 U.S. at 210; *see Franciscan Skemp Healthcare, Inc. v. Central States Joint Bd. Health & Welfare*, 538 F.3d 594, 596 (7th Cir. 2008) (recognizing that "the test outlined by the Supreme Court in *Davila* displaced the similar three-prong *Jass* [*v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482 (7th Cir. 1996),] analysis previously used in this circuit").

Plaintiff claims that Defendant improperly deducted her wages without her consent, that Defendant's recovery of the overpayment of disability benefits breached the terms of the Separation Agreement and General Release, and that Defendant's conduct constitutes theft. At its

4

core, the complaint claims that there was no overpayment of disability benefits and that Defendant did not have the right to recover the overpayments as it did. The court concludes that Plaintiff could have brought her state law claims under ERISA's civil enforcement provision. Plaintiff does not dispute that the Pay Protection Plan is part of an ERISA employee benefit plan or that she is a plan participant. *See* 29 U.S.C. § 1002. As a participant in an ERISA plan, § 502(a)(1)(B) allowed Plaintiff to bring an action against Defendant to recover benefits due to her under the plan's terms, to enforce her rights under the plan's terms, or to clarify her rights to future benefits under the plan's terms. Although Plaintiff frames the issue as a breach of the Severance Agreement and General Release, her claim is more properly characterized as a misapplication of benefits she was allegedly due under the Pay Protection Plan. This is the type of claim that ERISA allows a plaintiff to bring. *See* § 502(a)(1)(B). Accordingly, Plaintiff could have brought her claims under ERISA § 502.

In addition, Plaintiff's claims do not implicate a legal duty independent of ERISA. Although Plaintiff contends that her claims can be resolved by simply looking at the Severance Agreement and General Release, the court cannot ignore the relevance of the Pay Protection Plan, here. To adjudicate Plaintiff's state law claims, a court would have to interpret and analyze the terms of the ERISA plan and determine whether the plan required Defendant to provide disability benefits as if Plaintiff were an active employee, whether there was an overpayment, and whether the plan permitted Defendant to recoup the overpayments as it did. Plaintiff's state law claims are not "entirely independent of" ERISA because, if there were no ERISA plan and if Defendant as the plan administrator had not administered the Plan as it did, Plaintiff would have no claim. *Davila*, 542 U.S. at 213. The ERISA plan "form[ed] an essential part" of Plaintiff's state law claims. *Id.* In short, Plaintiff's claims do not implicate a legal duty independent of ERISA. *See*

5

*Studer v. Katherine Shaw Bethea Hosp.*, 867 F.3d 721 (7th Cir. 2017); *Rice v. Panchal*, 65 F.3d 637, 644 (7th Cir. 1995) ("[C]omplete preemption is required where a state law claim cannot be resolved without an interpretation of the contract governed by federal law."). Plaintiff's state law claims fall within the scope of § 502(a) and are completely preempted. Accordingly, Plaintiff's claims must be dismissed.

## CONCLUSION

For these reasons, Defendant's motion to dismiss (Dkt. No. 4) is **GRANTED** and Plaintiff's motions to remand to state court and for attorneys' fees (Dkt. No. 6) are **DENIED**. This case is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 29th day of April, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court